UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OLIVER VENTRY | CIVIL ACTION |
| VERSUS | NO. 10-1972 |
| MISS RUBY WILLIAMS VENTRY ET AL. | SECTION "A"(2) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b). Record Doc. No. 4. Plaintiff, Oliver Ventry, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se and in forma pauperis against three individual defendants, Ruby Williams Ventry, Nathan Ventry and Ulysses Ventry, all of whom are his family relatives, including brothers.

Plaintiff alleges that defendants have conspired to deprive him of his inheritance, property located at 2411-13 Soniat Street in New Orleans. He alleges that defendants deprived him of his inheritance rights through their "malfeasance . . . corruption, neglect and . . . willful misconduct" in the Succession of Alvin Ventry, Docket No. 08-5666 in the Civil District Court for the Parish of Orleans and their use of a power of attorney. He also accuses defendant Ruby Williams Ventry of responsibility for the recent "wrong for (sic) death" of Ulysses Ventry and of being a threat to Nathan Ventry.

In the relief portion of his complaint, plaintiff states that he wants the court to "award him just due him . . . since 2004 for pain, suffering, abuseing (sic) plaintiff as the mentally ill" and $2 million. Construed broadly,[1] plaintiff's complaint asserts state law fraud and conversion causes of action and civil rights claims. Record Doc. No. 1 (Complaint).

A.  Standards of Review

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question

---

[1]Pro se complaints must be broadly construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

2

of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint that is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In addition, it is axiomatic that this court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). "Certainly, a federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte . . . ." Free v. Abbott Labs., Inc., 164 F.3d 270, 272 (5th Cir. 1999) (citing Steel Co., 523 U.S. at 94-95); accord Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008). It is equally axiomatic that plaintiff bears the burden to show the basis for subject matter jurisdiction. Oteeva, LP v. X-Concepts LLC, 253 Fed.

3

Appx. 349, 2007 WL 3231078, at *2 (5th Cir. 2007); Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

In this case, plaintiff's complaint must be dismissed under Rule 12(h)(3) and under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6) because it fails to state a cognizable federal claim under the broadest reading. For the following reasons, it is also clear that this court lacks subject matter jurisdiction over plaintiff's state law claims relating to the alleged deprivation of inheritance property in a Louisiana succession by private individuals in a Louisiana state court.

B.  Diversity of Citizenship

Plaintiff's complaint specifically invokes no particular ground for subject matter jurisdiction as a basis for asserting his claims, despite the requirement of Fed. R. Civ. P. 8(a)(1). The factual basis of Ventry's complaint is alleged misconduct by defendants in connection with a family succession in a Louisiana state court, allegedly depriving him of inheritance rights in a piece of property. It is hornbook law that "federal courts may not hear probate matters as part of their diversity jurisdiction." E. Chemerinsky, Federal Jurisdiction § 5.3 at 288 (Little, Brown 2d ed. 1994) (citing Allen Prop. Custodian v. Allen, 326 U.S. 490 (1945); Byers v. McAuley, 149 U.S. 608 (1893); In re Broaderick's Will, 88 U.S. (21 Wall.) 503 (1875)) (emphasis added).

4

Even if Ventry's claims could somehow be categorized as falling outside the exclusion of succession or estate matters from federal jurisdiction, it is clear from his submissions that diversity of citizenship jurisdiction does not exist. Diversity jurisdiction exists when the claims in the complaint <u>are between citizens of different states</u> and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The law is long established that when federal jurisdiction is based on diversity of citizenship, <u>complete</u> diversity must exist between all adverse parties in the action; <u>i.e.</u>, plaintiff's citizenship must be diverse from the citizenship of each and every defendant. <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806); <u>Breaux v. Dilsaver</u>, 254 F.3d 533, 536 (5th Cir. 2001); <u>Whitmire v. Victus Ltd.</u>, 212 F.3d 885, 887 (5th Cir. 2000).

As previously stated, the burden of establishing federal jurisdiction rests with the party who invokes it. <u>Oteeva, LP</u>, 2007 WL 3231078, at *2; <u>Coury v. Prot</u>, 85 F.3d 244, 250 (5th Cir. 1996); <u>Boudreau</u>, 53 F.3d at 82. In addition, whether diversity jurisdiction exists is determined by examining the citizenship of the parties <u>at the time of filing</u> the complaint. <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570-71 (2004); <u>Ellison Steel, Inc. v. Greystar Constr. LP</u>, 199 Fed. Appx. 324, 2006 WL 2381924, at *3 (5th Cir. 2006); 13B C. Wright, A. Miller, E. Cooper, <u>Federal Practice and Procedure</u> § 3608, at 448 and cases cited at n.1 (West 1984 and 2006 Supp.). As noted above, "[i]f

5

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As a prisoner incarcerated in Louisiana, plaintiff is a Louisiana citizen for diversity of citizenship purposes. Tinlin v. DeShazo, 244 F.3d 135, 2000 WL 1901528, at *1 (5th Cir. 2000); Harrison v. Sherman, 149 F.3d 1174, 1998 WL 413024, at *1 (5th Cir. 1998). Plaintiff's original complaint states that the addresses of defendants are: (1) Ruby Williams Ventry, 2413 Soniat Street, New Orleans, Louisiana 70113; (2) Nathan Ventry, 1310 Madison Street, Bogalusa, Louisiana 70427; and (3) Ulysses Ventry, 1801 Magnolia Street, Apt. 107, New Orleans, Louisiana 70113. Record Doc. No. 1. Thus, defendants – like plaintiff – are all Louisiana citizens for diversity purposes.

In this case, plaintiff makes claims that arise under state law, including misconduct and alleged misappropriation of his inheritance property in connection with a Louisiana succession. To whatever extent, if any, that he relies upon the court's diversity jurisdiction as his basis for adjudication of these state law claims in this federal court, however, complete diversity is absent because plaintiff Ventry is currently incarcerated in Louisiana and all defendants are also Louisiana citizens. Accordingly, complete diversity is lacking, and plaintiff has not shown any basis for jurisdiction based on diversity of citizenship.

C.  Section 1983: Constitutional Claims

Ventry may allege in the vaguest possible way that his constitutional rights have been violated. Construed broadly, these allegations may constitute a complaint that he was deprived of property in violation of his due process rights. However, plaintiff fails to state a cognizable Section 1983 claim in this regard, and his claim must be dismissed.

The United States Supreme Court has recently clarified the standard for determining whether a complaint adequately states a claim upon which relief may be granted. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> [W]e must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "' . . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

7

Rhodes v. Prince, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim under federal law. Ventry alleges that his relatives who are the defendants he has sued in this action are a "retired register[ed] nurse," a "janitorial service" employee, and a now deceased "unemployed" person. Record Doc. No. 1 (Complaint at ¶ III(b) and (c)). Plaintiff asserts no claims concerning the conditions of his confinement in prison or against any state officials acting either as his custodians or in any other state capacity.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by <u>a person acting under color of state law</u>." <u>James v. Texas Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008) (quotation omitted) (emphasis added). Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." <u>United States v. Causey</u>, 185 F.3d 407, 415 (5th Cir. 1999). "As a threshold matter, for a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." <u>Morris v. Dillard Dep't Stores, Inc.</u>, 277 F.3d 743, 747 (5th Cir. 2001) (citing <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 924 (1982)). A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." <u>Id.</u> at 747-48. Thus, Ventry must show that defendants' actions are "fairly attributable to the state." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).

The defendants named in this complaint are private citizens, his relatives, whom plaintiff alleges deprived him of his inheritance property in a succession. "It is

9

well-established that no 'state action' is involved when the state merely opens its tribunals to private litigants." Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *3 (5th Cir. 2008) (quotation omitted). Furthermore, litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Long v. Wright, 103 Fed. Appx. 800, 2004 WL 1386305, at *1 (5th Cir. 2004) (quotation omitted).

Under no circumstances can the defendants in this matter be considered state actors. The actions of defendants upon which plaintiff bases his claims were clearly taken as private persons, not in any official capacity authorized by the State of Louisiana. See Johnson ex rel. Wilson, 2008 WL 5212795, at *3 (Defendants who were "litigants and participants in [state] court proceedings [in which a guardian had been appointed for plaintiff], and had no other relationship to, or interaction with," state officials, were not state actors.); Combs v. City of Dallas, 289 Fed. Appx. 684, 2008 WL 2831267, at *2 (5th Cir. 2008) ("Private attorneys, even when appointed by the court, are not official state actors . . . ."); Priester v. Lowndes County, 354 F.3d 414, 423 (5th Cir. 2004) (A public high school football player, who injured a teammate in an allegedly racially motivated attack during team practice, was not a state actor).

Because defendants are not state actors, any Section 1983 claim which plaintiff may be asserting in this matter has no basis in federal law and must be dismissed for failure to state a cognizable claim.

## **RECOMMENDATION**

The appropriate court in which plaintiff might pursue his state law claims concerning the alleged deprivation of his inheritance property is the state court in Orleans Parish, not this federal court. No cognizable federal cause of action has been alleged. For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a Section 1983 claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ____29th____ day of July, 2010.

                                            JOSEPH C. WILKINSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.